John Troy, Esq.
Aaron B. Schweitzer, Esq.
Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone (718) 762-1324
Fax (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
JIANG HAI SHUE,
*on his own behalf and on behalf of others similarly situated,*

                              Plaintiff,

                    v.

EMMA'S RESTAURNT GROUP LLC
    d/b/a Mister Chen,
HOMURA ENTERPRISE INC.
    d/b/a Mister Chen Express,
MPM RESTAURANT GROUP INC.
    d/b/a Mister Chen Express,
PEI FWU CHEN
    a/k/a Paul Chen
    a/k/a Peitao Chen
    a/k/a Peifwu Chen, and
ADA LIU,

                             Defendants.
-----------------------------------------------------------------x

Index No: 25-cv-03290

**CLASS ACTION**
**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Jiang Hai Shue (hereinafter "Plaintiff"), by and through his attorneys, John Troy, Aaron B. Schweitzer, and Tiffany Troy of Troy Law, PLLC, hereby brings this Complaint against Defendants Emmas Restaurant Group LLC d/b/a Mister Chen, Homura Enterprise Inc. d/b/a Mister Chen Express, MPM Restaurant Group Inc. d/b/a Mister Chen Express, Pei Fwu Chen

(a/k/a/ Paul Chen, Peitao Chen, Peifwu Chen), and Ada Liu (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, and fees in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this controversy under Section 1331 of Title 28 of the United States Code.

3. Venue is proper in the Southern District of New York pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code.

## ADMINISTRATIVE REQUIREMENTS

4. The IRS has been notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under 26 U.S.C. § 7434 Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

## PLAINTIFF

6. Plaintiff was employed by Defendants to work as a "fry wok" (stir-fry cook) at Defendants' restaurants—"Mister Chen" located at 265 Mamaroneck Avenue, Mamaroneck, NY 10543; and "Mister Chen Express" located at 100 Garth Road, Scarsdale, NY 10583—from in or before March 3, 2023 through August 12, 2023.

## DEFENDANTS

7. Defendant Emmas Restaurant Group LLC d/b/a Mister Chen is a domestic business corporation organized under the laws of the State of New York with a principal address at 265 Mamaroneck Avenue Mamaroneck, NY 10543.

8. Defendant Homura Enterprise Inc d/b/a Mister Chen Express is a domestic business corporation organized under the laws of the State of New York with a principle and registered address at 96-100 Garth Road Scarsdale, NY 10583.

9. MPM Restaurant Group Inc is a domestic business corporation organized under the laws of the State of New York with a principle and registered address at 102 Garth Road Scarsdale, NY 10583.

10. Pei Fwu Chen a/k/a Paul Chen a/k/a Peitao Chen a/k/a Peifwu Chen is the owner of Emmas Restaurant Group LLC, Homura Enterprise Inc, and MPM Restaurant Group Inc; and a manager and liquor license principal of "Mister Chen" and "Mister Chen Express."

11. Pei Fwu Chen had the power to hire and fire employees of "Mister Chen" and "Mister Chen Express;" supervised and controlled employee work schedules and conditions of employment at "Mister Chen" and "Mister Chen Express;" determined employees' rates and methods of payment at "Mister Chen" and "Mister Chen Express;" and kept and maintained employee records for "Mister Chen" and "Mister Chen Express."

12. Pei Fwu Chen hired Plaintiff.

13. Pei Fwu Chen supervised Plaintiff.

14. Pei Fwu Chen paid Plaintiff.

15. Pei Fwu Chen fired Plaintiff.

16. Pei Fwu Chen willfully and maliciously directed Emmas Restaurant Group LLC, Homura Enterprise Inc, and MPM Restaurant Group Inc to file fraudulent information returns

incorporating false information, or falsely omitting information, pertaining to Plaintiff and other employees.

17. Ada Liu is a manager and liquor license principal of "Mister Chen" and "Mister Chen Express."

18. Ada Liu had the power to hire and fire employees of "Mister Chen" and "Mister Chen Express;" supervised and controlled employee work schedules and conditions of employment at "Mister Chen" and "Mister Chen Express;" determined employees' rates and methods of payment at "Mister Chen" and "Mister Chen Express;" and kept and maintained employee records for "Mister Chen" and "Mister Chen Express."

19. Ada Liu willfully and maliciously directed Emmas Restaurant Group LLC, Homura Enterprise Inc, and MPM Restaurant Group Inc to file fraudulent information returns incorporating false information, or falsely omitting information, pertaining to Plaintiff and other employees.

## STATEMENT OF FACTS

20. Throughout the period relevant to this lawsuit, "Mister Chen" was operated by Emmas Restaurant Group LLC, and "Mister Chen Express" was operated jointly and concurrently by MPM Restaurant Group Inc. and Homura Enterprise Inc.

21. "Mister Chen" and "Mister Chen Express," operated as a single integrated enterprise which employed Plaintiff, jointly with Pei Fwu Chen and Ada Liu.

22. Emma's Restaurant Group LLC, MPM Restaurant Group Inc., and Homura Enterprise Inc. shared a common owner and manager in the person of their principal, Pei Fwu Chen, and a common manager in the person of Ada Liu.

23. "Mister Chen" and "Mister Chen Express" transferred employees, including Plaintiff and other employees (including: one known to Plaintiff as "Zhai Shi Fu" and "Shuai Ge" who worked as an "oil wok" (deep-fry cook) at "Mister Chen" before being transferred to "Mister

Chen Express" to work as an ingredient sorter in about late April or early May 2023; a fry wok known to Plaintiff as "Lin Shi Fu" who worked at "Mister Chen" before being transferred to "Mister Chen Express" in about March 2023; a packer known to Plaintiff as "Ah Jie" who worked at "Mister Chen" before being transferred to "Mister Chen Express" on or about March 5, 2023, along with Plaintiff; a pastry cook known to Plaintiff as "Shi Fu" who throughout Plaintiff's employment regularly worked most of her workweek at "Mister Chen Express" but on Thursdays at "Mister Chen;" and another pastry cook also known to Plaintiff as "Shi Fu" who throughout Plaintiff's employment regularly worked most of her workweek at "Mister Chen" but on Thursdays at "Mister Chen Express") between themselves.

24. During his employment, Defendants paid Plaintiff $2,200.00 every two weeks by the following methods:

| Pay Period | Check from Emma's Restaurant Group LLC | Check from MPM Restaurant Group Inc. | Cash | Total Compensation |
|---|---|---|---|---|
| Feb. 20–Mar. 5, 2023[1] | | | | |
| Mar. 6–19, 2023 | $700.00 | | $1,500.00 | $2,200.00 |
| Mar. 20–Apr. 2, 2023 | | $700.00 | $1,500.00 | $2,200.00 |
| Apr. 3–16, 2023 | $700.00 | | $1,500.00 | $2,200.00 |
| Apr. 17–30, 2023 | | $700.00 | $1,500.00 | $2,200.00 |
| May 1–14, 2023 | | $700.00 | $1,500.00 | $2,200.00 |
| May 15–28, 2023 | | $700.00 | $1,500.00 | $2,200.00 |
| May 29–June 11, 2023 | $700.00 | | $1,500.00 | $2,200.00 |
| June 12–25, 2023 | $700.00 | | $1,500.00 | $2,200.00 |
| June 26–July 9, 2023 | $700.00 | | $1,500.00 | $2,200.00 |

---

[1] Plaintiff's employment began on March 3, 2023.

| | | | | |
|---|---|---|---|---|
| July 10–23, 2023 | | $700.00 | $1,500.00 | $2,200.00 |
| July 24–Aug. 6, 2023 | $700.00 | | $1,500.00 | $2,200.00 |
| Aug. 7–20, 2023[2] | $700.00 | | $1,500.00 | $2,200.00 |
| **Total** | **$4,900.00** | **$3,500.00** | **$18,000.00** | **$26,400.00** |

25.     As can be seen from the foregoing, Plaintiff received in compensation for his work $26,400.00: $4,900.00 by check from Emma's Restaurant Group LLC; $3,500.00 by check from MPM Restaurant Group Inc.; and $18,000.00 in cash from Defendants.

26.     Upon information and belief, Plaintiff's compensation in cash was paid by Defendants collectively, and responsibility for paying cash was not divided between these payers.

27.     However, for 2023, only MPM Restaurant Group Inc. issued Plaintiff an IRS Form W-2.

28.     MPM Restaurant Group Inc. falsely reported Plaintiff's wages in the amount of $9,800.00—greater than MPM Restaurant Group Inc. paid by check ($3,500.00), and greater than Emma's Restaurant Group LLC and MPM Restaurant Group Inc. collectively paid by check ($8,400.00); but less than Plaintiff received in wages in 2023 ($26,400.00), and less than the sum of wages Plaintiff received in check from MPM Restaurant Group Inc. and in cash.

29.     Defendants did not withhold any wages from Plaintiff's pay for purposes of paying federal income, New York State income, local income, Social Security, or Medicare taxes.

30.     However, Defendants falsely reported on Plaintiff's W-2 that they withheld $607.60 for the employee's portion of the Social Security payroll tax, and $142.10 for the employee's portion of the Medicare payroll tax, when in fact $0.00 had been withheld from Plaintiff's pay.

---

[2] Plaintiff's employment ended on August 12, 2023.

31. MPM Restaurant Group Inc. additionally filed quarterly IRS form 940s for the first, second, and third quarters of 2023, and an annual IRS form 941 for the year 2023, and an annual information return IRS form 1120 for the year 2023, all of which incorporated the false information that Plaintiff was compensated $9,800.00 by MPM Restaurant Group Inc., and had had $607.60 Social Security tax and $142.10 Medicare tax withheld, as set forth on his IRS form W-2 from MPM Restaurant Group Inc.

32. Emma's Restaurant Group LLC filed quarterly IRS form 940s for the first, second, and third quarters of 2023, and an annual IRS form 941 for the year 2023, and an annual information return IRS form 1120 for the year 2023, all of which incorporated the false information that Plaintiff was not employed by Emma's Restaurant Group LLC and was compensated $0.00 by Emma's Restaurant Group LLC.

33. Homura Enterprise Inc. filed quarterly IRS form 940s for the first, second, and third quarters of 2023, and an annual IRS form 941 for the year 2023, and an annual information return IRS form 1120 for the year 2023, all of which incorporated the false information that Plaintiff was not employed by Homura Enterprise Inc. and was compensated $0.00 by Homura Enterprise Inc.

34. Pei Fwu Chen and Ada Liu both instructed the accountant(s) of MPM Restaurant Group Inc., Emma's Restaurant Group LLC, and Homura Enterprise Inc. to file the above-described information returns.

35. Defendants filed the information returns complained of willfully.

36. Defendants' underreporting of Plaintiff's income in 2023 did permit it to reduce its own tax liability for its portion of the Social Security and Medicare payroll taxes, reducing Plaintiff's entitlement to these programs' benefits to less than it would otherwise be.

37. In 2023, Defendants paid $607.60 (6.20% of $9,800.00) in the employer's portion of the Social Security tax when it ought to have paid $1,636.80 (6.20% of $26,400.00), and $142.00 (1.45% of $9,800) in Medicare tax when it ought to have paid $382.80 (1.45% of $26,400.00).

38. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 for each violation or the sum of any actual damages sustained by him, costs of the action and reasonable attorneys' fees.

## CLASS ALLEGATIONS

39. Plaintiff brings his Internal Revenue Code claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and on behalf of all persons employed by Defendants during the six years limitation period (the "Class").

40. The members of the Class, like Plaintiff, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

41. The claims of Plaintiff described herein are typical of the claims of the Class he seeks to represent.

42. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions and employment litigation.

43. Common questions of law and fact exist as to the Class, and predominate over any questions affecting only individual members of the Class, which include, but are not limited to, the following:

    a. Whether Defendants filed fraudulent information returns with the IRS as to Plaintiff and the Class Members;

b.  Whether Defendants filed information returns which reported wages paid by one Defendant as being paid by other Defendant(s);

c.  Whether Defendants filed information returns which failed to report wages and/or other income of Plaintiff and the Class Members that were actually paid;

d.  Whether Defendants filed information returns which reported that they withheld taxes from Plaintiff and the Class Members which were not actually withheld; and

e.  Whether Defendants' violations of the Internal Revenue Code were willful.

44.  These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

45.  Plaintiff is a member of the Class that he seeks to represent. Plaintiff's claims are typical or the claims of the Class. The relief Plaintiff seeks for the unlawful policies and practices complained of therein is also typical of the relief which is sought on behalf of the Class.

46.  Plaintiff's interests are co-extensive with those of the Class that he seeks to represent in this case. Plaintiff is willing and able to represent the Class fairly and to vigorously pursue his similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and Class claims at issue in this case satisfy the adequacy of representation requirement of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

47.  Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive and declaratory relief appropriate with respect to the Class as a whole.

48.  Injunctive and declaratory relief are the predominant relief sought in this case

because they are the culmination of the proof of Defendants' liability to Plaintiff and class-wide liability and the essential predicate for Plaintiff's and the Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

49. The common issues of fact and law affecting Plaintiff's claims and those of the Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

50. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the Class. There will be no difficulty in the management of this action as a class action.

51. The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiff and the Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims. The claims of the Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

52. The Class is so numerous that joinder of all members is impracticable. While the exact number of the Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 similarly-situated persons who were/are employed by Defendants on whose behalf Defendants filed fraudulent information returns with the IRS during the Class period.

53. Plaintiff is currently unaware of the identities of the members of the Class. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants on whose behalf Defendants filed information returns during the Class Period,

along with their last known address, telephone numbers and e-mail address, so Plaintiff can give the Class Notice of this Action and an opportunity to make an informed decision abut whether to participate in it.

## STATEMENT OF CLAIMS

### COUNT I.
### VIOLATION OF IRC § 7434
### BROUGHT ON BEHALF OF PLAINTIFF AND THE CLASS AGAINST DEFENDANTS

54. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. 26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

56. As set forth above, during the period relevant to this lawsuit, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff and the Class. These information returns falsely stated, at various times, that taxable income was not received by Plaintiff and the Class Members when in fact it was. As a result, Plaintiff and the Class suffered loss of benefits.

57. Defendants' violations of 26 U.S.C. § 7434 entitle Plaintiff and the Class to recover the greater of: $5,000.00; and the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing) plus reasonable attorneys' fees and costs.

### DEMAND FOR TRIAL BY JURY

58. Pursuant to Rules 38(b) and (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the Class, respectfully requests that this Court enter a judgment providing the following relief:

a. Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 as to the Class;

b. Designate Plaintiff as representatives of the Class;

c. Designate Troy Law, PLLC as class counsel as to the Class;

d. Determine the damages sustained by Plaintiff and the Class as a result of Defendants' violations of the IRC and/or its implementing regulations (whether $5,000.00 per Plaintiff and per Class member; or actual damages plus attorney fees and costs), and award those damages against Defendants, and in favor of Plaintiff and the IRC Class, plus such pre-judgment and post Judgment interests as may be allowed by law; and

e. Grant Plaintiffs and the IRC Class such other and further relief that the court deems just and proper.

Dated: April 21, 2025
Flushing, New York

                                                 */s/ John Troy*
                                                 John Troy, Esq.
                                                 Aaron B. Schweitzer, Esq.
                                                 Tiffany Troy, Esq.
                                                 TROY LAW, PLLC
                                                 41-25 Kissena Boulevard
                                                 Suite 110
                                                 Flushing, NY 11355
                                                 Phone: (718) 762-1324
                                                 Fax: (718) 762-1342
                                                 Email: troylaw@troypllc.com
                                                 *Attorneys for Plaintiff*